IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LINDA MABE, Individually, *and as a Representative of the estate of James Mabe, deceased,* | )( )( )( )( | |
| Plaintiff, | )( )( | CIVIL ACTION NO.: 3:17-cv-214 |
| V. | )( )( | (JURY TRIAL) |
| CITY OF TEXAS CITY, TEXAS, and LINNARD R. CROUCH Jr. *Individually,* | )( )( )( | ORIGINAL COMPLAINT |
| Defendants. | )( | |

## PLAINTIFF'S 1st AMENDED ORIGINAL COMPLAINT

**NOW COMES** Plaintiff LINDA MABE amending her complaint against the CITY OF TEXAS CITY, TEXAS and LINNARD R. CROUCH Jr., INDIVIDUALLY, and will show the Court the following:

## IN A NUTSHELL

1. Texas City Police Officer Linnard R. Crouch Jr. was caught just days before Christmas 2016 on his body camera removing $2400 or more in Christmas present money from elderly James Mabe, who was dying or had just passed away, while driving home. **Exhibit 1**, Texas City Police Department memo. The Mabe family's Christmas, made so sad by James' death, was shocking and appalling due to the removal of, and failure to return, the Mabe's Christmas money by a police officer.

2. Prior to failing to return the money removed from James Mabe's pocket, Officer Crouch had been repetitively found to have violated Texas City policy by not having his body camera on when handling the property of others and other violations. **Exhibit 2,** Texas City Police

Department sustained complaint records.

3. 50 years earlier, before Christmas in 1966, Officer Crouch's grandfather, Texas City Police Officer Clarence Linnard Crouch, while on duty, converted several transistor radios from a store while on duty. Officer See **Exhibit 3;** *Crouch v. Civil Service Commission of Texas City*, 459 S.W. 2nd 491 (1970).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any.

5. Venue is proper in this Court, under 28 U.S.C. § 1391(b), because the incident at issue took place in Galveston County, Texas, within the United States Southern District of Texas, Galveston Division.

## PARTIES

6. Plaintiff Linda Mabe, Individually, and as a representative of the estate of James Mabe, deceased, is a resident of Galveston County, Texas.

7. Defendant City of Texas City, Texas is a governmental unit existing within the U.S. Southern District of Texas and can be served with process by serving the Texas City Mayor Matthew T. Doyle at 1801 9th Avenue North, Texas City, Texas 77592.

8. Defendant Linnard R. Crouch Jr., Individually, can be served with process at 2021 18th Avenue North, Texas City, Texas 77590 or wherever he is found.

## ADDITIONAL FACTS

9. Linda ("Linda") and James Mabe ("James") were married in 1970. They had two children. They lived their entire life in Galveston, Texas. James was a small business owner and

entrepreneur. Linda works in the family business and was a full-time mom. Linda was and is a law-abiding citizen and has never been arrested and convicted of any crime in her life.

10. The afternoon of December 19, 2016 James Mabe, 74 at the time, was visiting his son Michael Mabe, a lawyer and business owner, in Texas City, Texas where Linda was employed. While at Michael's office Linda handed $2,400 in cash to James in order to buy some Christmas presents for the family. James then drove away from Michael's office. Linda and James loved the Christmas Season with the family tradition for more than 45 years being that Linda and James would host a huge Christmas meal followed by the exchange and opening of Christmas gifts.

11. Tragically, a short distance from Michael's office, James felt something was wrong physically, and he stopped his vehicle on the street. Texas City police received a call about a pickup truck stopped in the roadway.

12. Texas City Police Officer Linnard R. Crouch Jr. ("Officer Crouch") arrived at the scene at about 5:40 PM in his squad car. After opening James' locked truck door, Officer Crouch then reached into James' right front pocket and removed James' $2400 in Christmas present money and other money. Officer Crouch did not inventory the $2400 and other money. There were at least two other Texas City officers at the scene who also did not inventory the money or report Officer Crouch for not filling out an inventory sheet including the money.[1]

13. Later in the early evening standing in the ER just a few minutes after being informed James had died, Linda Mabe and son Michael Mabe were engaged by Officer Crouch who then gave Linda a baggie containing some money that Crouch alleged James had on him at

---

[1] Defendant City has admitted the existence of three scene videos in their possession but is vigorously fighting their release to plaintiff. It is not fair to plaintiff to not to release the scene videos. While defendant City's counsel has stated nothing of importance is on these at least three videos plaintiff does wonder what the videos will show. Plaintiff suggests that should evidence be found on the videos that additional parties and facts may be added.

the scene and telling the Mabes James' personal possessions were in the baggie. Later that same night, Linda opened the baggie and what appeared to be a substantial amount of money was merely a stack of $1.00 bills wrapped with a $100 bill. that James kept in the center console of the truck he drove.  The over $2400 was not there.

14. The Mabes contacted the Texas City Police Department about the missing $2400 and other money. The Texas City Police Department informed the Mabes that none of the at least three Texas City police officers at the scene had inventoried the money. One of the Texas City police officers did not turn on his body camera or turned it off at the scene.

15. Michael Mabe phoned the Texas City Chief of Police Burby between 9:00 and 10:00 am on December 20, 21, and 22, 2017, to report the incident. Finally on December 22, 2016, a woman answered and said an officer would be contacting Michael. A Texas City officer was assigned to investigate.

16. Captain Spotted Bear of the Texas City Police Department was assigned the Mabe IAD complaint of the missing uninventoried money. Captain Spotted Bear does a lot of IAD complaints and pays attention to details. Captain Spotted Bear reviewed the body camera footage of Defendant Crouch and saw Crouch take money from James Mabe pocket that was not inventoried. After Captain Spottted Bear completed his IAD investigation Captain Spotted Bear reported back to Michael Mabe around January 3, 2017 that there was nothing that any officer had done wrong and that the Texas City police officers had gone "above and beyond."

17. Michael Mabe contacted Texas City and the Texas City Police Department with a letter dated February 15, 2017 to preserve all evidence and return the money. The request fell upon deaf ears and no money was returned. **Exhibit 4,** *letter to Texas City*.

18. Eventually Linnard Crouch Jr. was charged with theft by a public servant because of the uninventoried Mabe money. He was also charged with possession of a controlled substance. In September 2017 he was charged with aggravated assault with a deadly weapon.

19. Captain Spotted Bear was not disciplined for knowing and not reporting that Defendant Crouch had taken money off James Mabe and not inventorying the money. The other two Texas City police officers at the Mabe scene were not disciplined despite being present at the scene including one who did not secure body camera footage.

20. In 2011 Jack Earls was arrested by the Texas City police and had a $100 bill and 4 $1 bills on him. No officer inventoried his cash. Upon getting out of jail and inquiring about the cash to the jail personnel, the jail personnel made a phone call and Texas City police officer Byrd pulled up outside and handed Earls a baggie with 6 $1 bills.

21. In 2011 James Park was arrested with cash, a zippo lighter, and knife by the Texas City police. The officers did not inventory these items. When Mr. Park got out of jail there were none of those items to be returned to him.

22. These events caused Linda past and likely future pain and suffering, including at least grief, anxiety, depression, lost sleep, fear, embarrassment, anger, loss of enjoyment of life, physical disability, lost wages and monetary loss.

## CAUSES OF ACTION

### Violations of the Fourth Amendment

23. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

24. The Fourth Amendment guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV.* Fourth Amendment violation are actionable under 42 U.S.C. Section 1983.

25. Defendants violated Linda's Fourth Amendment right, at least, when the $2400 was taken from a dead of dying James.

## Violations of the Fifth Amendment

26. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

27. The Fifth Amendment states that "nor shall any State deprive any person of…property, without due process of law." *U.S. Const. amend. XIV.* Fifth Amendment violations are actionable under 42 U.S.C. Section 1983.

## Policy, Practice, Custom and Procedure/Ratification

28. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

29. Plaintiff had her rights violated and was injured due to the policies, practices, customs and procedures of the City of Texas City including at least:

   a. failure to train its officers;

   b. failure to discipline officers;

   c. failure to supervise;

   d. a code of silence;

   e. failure to fire or reassign Linnard Ray Crouch Jr.;

   f. failure to policies regarding body cameras;

   g. a practice of failing to inventory and/or return suspect's property.

## Conversion

30. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

31. The facts alleged above amount of conversion of Mabes's property.

## Estate Action-Survivorship

32. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

33. James Mabe's estate seeks mental anguish damages and damages for the money taken from him.

## PUNITIVE DAMAGES

34. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

35. All individuals sued are liable for punitive damages as they were consciously indifferent to the plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

## ATTORNEY'S FEES

36. Linda is entitled to recover attorneys' fees and costs to enforce her Constitutional rights and under 42 U.S.C. Sections 1983 and 1988, from Defendants.

## JURY TRIAL

37. Linda demands trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Linda Mabe requests that the Court:

A. Enter judgment for Plaintiffs against City of Texas City, Texas and each and every individually name defendant jointly and severally;

B. Find that Plaintiff is the prevailing parties in this case and award attorneys' fees and costs, pursuant to federal law, as noted against defendants;

C. Award damages to Plaintiff for the violations of her Constitutional rights and under state law;

D. Award Pre- and post-judgement interest;

E. Award Punitive damages against all individually named defendants; and

F.  Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows herself entitled.

RESPECTFULLY SUBMITTED
LAW OFFICE OF RANDALL L KALLINEN PLLC

/s/ *Randall L. Kallinen*
Randall L. Kallinen
State Bar of Texas No. 00790995
U.S. Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:    713,320.3785
FAX:          713.893.6737
Email:        AttorneyKallinen@aol.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded to all known counsel of record and pro se parties in compliance with the Federal Rules of Civil Procedure on this the 19th day of October 2017 by filing with the ECF system.

/s/ Randall L. Kallinen
Randall L. Kallinen